RACHEL SAULSBURY, Appellant, *v.* THE VILLAGE OF ITHACA, Respondent.

Where, by the charter of a municipal corporation, it had power to repair streets and sidewalks and "to prevent the incumbering or obstructing the same in any manner," *held,* that it was liable for injuries occasioned by an omission on its part to repair or remove a sidewalk constructed without its authority, which had been, for a sufficient length of time to charge it with notice, in so defective a condition as to be dangerous for travel.

(Argued October 15, 1883 ; decided November 20, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, reversing a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 24 Hun, 12.)

This action was brought to recover damages for injuries sustained by plaintiff by falling into an excavation in one of defendant's streets.

The material facts are stated in the opinion.

*F. E. Tibbetts* for appellant. Municipal corporations are required to keep their streets and sidewalks in proper repair and free from dangerous obstructions, and are liable for injuries resulting from their neglect so to do. (*Conrad* v. *Vil-*

*lage of Ithaca,* 16 N. Y. 158; *McCarthy* v. *City of Syracuse,* 46 id. 194; *Hinds* v. *City of Lockport,* 50 id. 236; *Sewell* v. *City of Cohoes,* 75 id. 45; *Davenport* v. *Luckman,* 37 id. 568; *Diveny* v. *City of Elmira,* 51 id. 506; *Clifford* v. *Dam,* 81 id. 52; Dillon on Municipal Corporations [1st ed.], 571; Cooley on Torts, 625, 626.) Defendant having officially recognized the street, both by resolution and by working on it, is estopped from questioning that it is a public street. (*Sewell* v. *City of Cohoes,* 75 N. Y. 45; 7 Gray, 338; 13 Vt. 424; 45 id. 99.) Defendant will not be permitted to escape liability simply because it took no action in the premises. (*Hyatt* v. *Village of Rondout,* 44 Barb. 395; 41 N. Y. 619; *Hinds* v. *City of Lockport,* 50 id. 239; Dillon on Municipal Corporations [1st ed.], § 753.) It is not essential who built the walk, nor whether it was built by the order, or under the supervision of the municipal officers; the only question is, did the corporation allow it to be used for public travel. (*Requa* v. *City of Rochester,* 45 N. Y. 129, 134; *Niven* v. *City of Rochester,* 76 id. 621; *James* v. *City of Portage,* 48 Wis. 677; *Tuck* v. *City of Ripon,* 52 id. 200; *Oliver* v. *City of Kansas,* 69 Mo. 79; *Beatty* v. *Town of Duxbury,* 24 Vt. 155; *Johnson* v. *City of Milwaukee,* 46 Wis. 571; *Potter* v. *Castleton,* 53 Vt. 440, 441; *State* v. *Compton,* 2 N. H. 518; *Lafayette* v. *Larson,* 73 Ind. 367; *Urquhart* v. *City of Ogdensburg,* 18 Weekly Dig. 261; *Bloomington* v. *Bay,* 42 Ill. 508; *Hiller* v. *Village of Sharon Springs,* 16 Weekly Dig. 12.) This sidewalk, in the condition the referee finds it was at the time of the accident, was an obstruction in one of the public streets of the village of Ithaca, which it was the duty of the board of trustees to order removed after notice. (*Hume* v. *Mayor, etc.,* 74 N. Y. 275; *Clifford* v. *Dam,* 81 id. 53; *Oliver* v. *City of Kansas,* 69 Mo. 79; *Todd* v. *City of Troy,* 61 N. Y. 506.)

*S. D. Halliday* for respondent. If there was no defect in the surface of this walk, and a man should walk off from it in broad daylight and receive injuries, he could not have recovered,

because he failed to put his eyes to that use which is required of persons of ordinary care, and because he negligently failed to avoid defects which were plainly visible. (61 Barb. 437.) A notice to defendant, either actual or constructive, was necessary. (59 N. Y. 660; 45 id. 129.) Defendant is not responsible or liable for a wrongful exercise of discretion by its board of trustees in deciding that there ought or ought not to be a walk built at any particular spot, nor can the court exercise a discretion which is confided solely to the board of trustees. (*Urquhart* v. *City of Ogdensburg*, 81 N. Y. 67; 50 id. 238; 32 id. 489; 5 Lans. 16; 1 Denio, 595; 3 Duer, 406; 3 N. Y. 467; 9 id. 169.)

DANFORTH, J. The place of the accident was a public street in the village of Ithaca. Its sidewalk was uneven upon the surface and slanting; it extended over and so bridged an excavation, three or four feet deep, at the bottom of which was a pile of sharp cornered stones, of such shape that a person falling upon them would receive serious injury. There was no railing or other guard upon either side of the walk. It does not appear to have been built by the defendant, but had been in this condition for about one year, and the defendant had notice of it a long time before the 13th of June, 1879. On that day the plaintiff, while traveling on foot over the walk, without fault on her part and by reason solely of its defective and unguarded condition, was precipitated from it upon the stones below. She was injured and brought this suit. The above facts were found by the referee, and he directed judgment in her favor. The General Term has reversed this decision upon the sole ground that the defendant neither built nor ordered the construction of the sidewalk.

In this was error. By charter the defendant's trustees are made commissioners of highways, and among other things are empowered to construct, repair or discontinue its streets and sidewalks, "and prevent the incumbering or obstructing the same in any manner." (Laws of 1864, chap. 257; Laws of 1871, chap. 140; Laws of 1875, chap. 287.) The

order appealed from assumes that if the building of the walk had been a corporate act the defendant would have been liable. That is well settled. (*Conrad* v. *Trustees of Village of Ithaca*, 16 N. Y. 158.) In such case it would be sufficient to show that the work was done by its authority. If the structure which caused the injury is erected on its land, or on premises which it controls, by permission of its officers, the same result must follow. An equal liability is incurred when by omission to repair or compel the removal of a walk constructed without their authority, but of the existence of which they have notice, a way dangerous for travel is allowed to stand within the limits of its streets. In such a case it is their duty to repair or remove it, and with money in hand or power to procure it, there is no ground for irresponsibility. One or the other of these things must be done. It is true that whether a municipal corporation shall build, or permit to be built, a sidewalk on any of its streets, is matter of discretion not to be regulated by the courts, yet when a sidewalk is built with or without its permission, it becomes responsible for its condition and bound so long as it exists to keep it in order. This duty is ministerial and not judicial. (*Hines* v. *City of Lockport*, 50 N. Y. 239 ; *Hyatt* v. *Village of Rondout*, 44 Barb. 395 ; 41 N. Y. 619 ; *Vogel* v. *Mayor, etc.*, 92 id. 10 ; 44 Am. Rep. 349.) In this case, therefore, it can make no difference how the walk came into existence, if the corporation, with notice, permitted it to be used for public travel. By the act of the builder, and acceptance or acquiescence in the building of it on the part of the defendant's officers, they had control over it, and it became the property of the village as completely as if it had been put in position by the village itself. The principle upon which the above cases were decided uphold this proposition, and the case of *Requa* v. *City of Rochester* (45 N. Y. 129 ; 6 Am. Rep. 52), to the same effect, is so like the case before us as to make it decisive in favor of the appellant.

That of *Urquhart* v. *Ogdensburg* (91 N. Y. 67; 43 Am. Rep. 655) is relied on by the respondent. There the sidewalk needed no repair and the complaint related to the plan of its

construction. As that was within the judicial discretion of the defendant, negligence could not be predicated of it.

The learned counsel for the respondent also seeks to sustain the order of the General Term upon grounds not noticed by them, alleging that the evidence failed to disclose either defects in the walk or proper care on the part of the plaintiff in using the walk. It is a sufficient answer to these positions if there was evidence, which, in some reasonable aspect, might sustain the finding of the referee. In such a case it will not be reviewed by this court. An examination of the testimony shows that there is nothing obviously wrong in his conclusions and we find no reason for interfering with them. The merits were well considered, and the record discloses no legal error committed by the referee. His decision stands upon sound policy and is a proper recognition of the duty of public officers to have regard to the business intrusted to them, upon the performance of which the safety of the citizen depends.

The order of the General Term should, therefore, be reversed, and the judgment entered upon the report of the referee affirmed.

All concur, except RAPALLO and FINCH, JJ., not voting.

Order reversed and judgment affirmed.