### LEHN v. CITY OF BROOKLYN.

*(City Court of Brooklyn, General Term. June 27, 1892.)*

1. DEFECTIVE PLANK SIDEWALKS—LIABILITY FOR INJURIES—EVIDENCE.
    A city using a plank walk on a street for eight years, and allowing it to remain in a decayed condition after notice thereof, is liable for personal injuries caused thereby.

2. SAME—MINISTERIAL DUTY.
    The duty of a city to abate a dangerous sidewalk is ministerial, and not judicial.

Appeal from trial term.

Action by Matthias Lehn against the city of Brooklyn. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Almet F. Jenks,* for appellant. *Klein & Rendich,* for respondent.

CLEMENT, C. J.   The verdict of the jury in this case is conclusive that the defendant negligently permitted and allowed a plank walk to remain on the sidewalk of Sixth street, in this city, after the same was decayed and in a dangerous condition; that the plaintiff, while using the walk and exercising ordinary care, stepped where the boards came together, and broke through into a hole; that the defendant had ample notice of its dangerous condition, and had neglected to repair or remove the same; and that the plaintiff sustained severe injuries as the result of his fall.   On such a state of facts, the municipality is clearly liable within the authorities.   *Clemence* v. *City of Auburn,* 66 N. Y. 334; *Higgins* v. *Village of Glens Falls,* (Sup.) 11 N. Y. Supp. 289, affirmed in court of appeals, 124 N. Y. 666, 27 N. E. Rep. 855; *Saulsbury* v. *Ithaca,* 94 N. Y. 27, 30.   The defendant is responsible because it permitted a plank walk which had been used by the public for eight years to become out of repair, and in a condition liable to injure a foot traveler on the street.   No question arises herein of a failure of the corporation to exercise its discretionary or *quasi* judicial powers, and the request to charge, based upon the case of *Harrigan* v. *Brooklyn,* (Sup.) 16 N. Y. Supp. 743, was properly refused.   The duty of the city was as absolute to prevent an accident on the plank walk as upon a sidewalk which had been flagged by the defendant.   The liability was by reason of a dangerous trap in the traveled way, and it was the ministerial duty of the city to abate it after notice.   The exemption clause in the charter does not apply to this case, for the reasons set forth in the *Case of Bieling,* 120 N. Y. 98, 24 N. E. Rep. 389; and the judgment and order denying new trial must be affirmed, with costs.