(16 Misc. Rep. 314.)

## WELLS v. CITY OF BROOKLYN.

(Supreme Court, Trial Term, Kings County. March, 1896.)

MUNICIPAL CORPORATIONS—OBSTRUCTION IN STREET—NEGLIGENCE—QUESTION FOR JURY.

In an action against a city for personal injuries, it appeared that a show case was standing on the sidewalk, close to the curb, securely fastened to a post, so that it could not fall; that it was not dangerous; that a cartman in the evening backed against the case, breaking it from its fastenings; that it was set up again by him or its owner, without being fastened; that the next day the wind blew it over on plaintiff; and that defendant did not give a permit to the owner to keep the show case at such place. *Held*, that whether defendant was negligent in allowing the case to stand when securely fastened was a question for the jury.

Action by Jane Wells against the city of Brooklyn for personal injuries caused by defendant's negligence, in which there was a verdict for defendant. Plaintiff moves for new trial. Motion denied.

A. H. Darby, for plaintiff.
W. G. Cooke, for defendant.

GAYNOR, J. I think it better that the verdict stand, and be reviewed by the appellate division. It was the duty of the city to

keep the streets clear of encroachments and incumbrances (Brooklyn Charter, tit. 15); and this action is maintainable only for a breach of such duty. It follows that the defendant may not be held liable unless such breach of duty caused the injury to the plaintiff. Did it? The show case was standing upon the sidewalk close to the curb, securely fastened to a post, so that it could not fall over. It was not at all dangerous as it was. But a cartman, delivering goods next door, backed up against it in the evening, and knocked it over, breaking it from its fastenings. It was set up again by him or its owner without being fastened, and the next day the wind blew it over upon the plaintiff. The time which had elapsed was insufficient to impute notice of its dangerous condition to the city. Can the accident be said to have been caused by the neglect of the city, when it could not have happened excepting for the show case having been broken down by the cart? It seems to me not, unless the existence of the show case, securely fastened as it was, would, in the exercise of reasonable attention and prudence by the city's officials, have been considered dangerous, in that such a mishap as befell it with the cart was to be anticipated. If that was the case, then the neglect of the city was the cause of the accident; otherwise, not. The proposition involves a question of fact, which was submitted to the jury. The city did not give a permit to the owner to place or maintain the show case, and is therefore not liable for it as a nuisance of its creation (as in the Cohen Case, 113 N. Y. 532, 21 N. E. 700), any more than it would be for any obstruction placed or kept in the street without its participation. Its liability is for breach of its duty to remove an obstruction, and it may not be held liable unless such breach of duty caused the injury. "The basis of the claim which the injured individual has against a city for damages which were occasioned by a defect or obstruction in a public street is, in every instance, the negligence of the corporation, acting through its officers." Tied. Mun. Corp. § 350. The learned author uses this language in marking the distinction between the liabilities of a city for neglect of duty in respect of the streets, and for a nuisance created or maintained therein by it, or under a permit or license from it. Negligence in failing to remove an encroachment upon a street may only be predicated upon an encroachment essentially dangerous, or likely to become dangerous. Hume v. Mayor, 74 N. Y. 264; Rehberg v. Mayor, 91 N. Y. 137. In other words, the duty is to use reasonable diligence to keep the streets safe for travel, and, if that diligence be exercised, there can be no liability. The question of fact in the present case was whether, in the use of reasonable official care and foresight, this show case would have been seen to be dangerous, in that it was likely to be knocked from its fastenings, as it was; and this the jury answered in the negative.

The motion for a new trial is denied.