(9 App. Div. 39.)

## STAPLETON v. CITY OF NEWBURGH.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE CONDITION OF SIDEWALK—EVIDENCE.
    The evidence is sufficient to show that plaintiff's fall on a sidewalk was caused by ice and snow, where plaintiff and other witnesses testified that the sidewalk had been slippery and uneven for a long time, that there was snow and ice on it at the time of plaintiff's fall, that the sidewalk had never been cleaned, and that it looked as "if the children rode sleighs over it," though no witness expressly stated that the ice and snow were the cause of the accident.

2. HIGHWAYS BY PRESCRIPTION—EVIDENCE.
    Testimony of the superintendent of defendant city at the time plaintiff was injured, by falling on the sidewalk of a street which had been in use ror 20 years, that during the winter of the accident he had employed men to clean the walks on the street in question, and had notified property owners thereon to clean the walks when snow fell, is sufficient to show that the city had adopted such street as a public street, though the city clerk testified that it had never been opened by the city or accepted as a public street, and that no grade line had ever been established thereon.

3. EXCESSIVE DAMAGES—PERSONAL INJURY.
    A verdict for $1,100 is not excessive where plaintiff's leg was broken, and had to be kept in a plaster cast for five weeks, though the fracture was a simple one, and a recovery was expected.

Appeal from trial term, Orange county.

Action by Mary C. Stapleton against the city of Newburgh to recover damages for personal injuries to plaintiff, who slipped on a sidewalk in defendant city, and broke her leg. From a judgment entered on a verdict for $1,100 in favor of plaintiff, and from an order denying the motion for a new trial, made on the minutes of the court, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

C. L. Waring, for appellant.
Grant B. Taylor, for respondent.

WILLARD BARTLETT, J.    The plaintiff recovered a verdict of $1,100, damages for injuries received by falling upon Gidney avenue, in the city of Newburgh, on the 25th day of January, 1895, at a point on the sidewalk which was at the time in a slippery, unsafe, and dangerous condition for the passing and repassing of persons on foot, and which the defendant corporation had knowingly and for a considerable period allowed to remain in such condition.

The first assignment of error in the brief for the appellant is the reception of proof as to the thickness of ice on the sidewalk of Gidney avenue five days after the accident, and at a point other than that where the plaintiff fell. The principal testimony on this subject was given by the plaintiff's son, without a single objection or exception on the part of the defendant. No suggestion was made that the place which he examined was not the place where his mother had fallen, and, although his measurement was made five days later, he swore that the walk was in about the same condition then as it was when she fell. The only objection which the record discloses on this subject was made to the testimony of another witness, who saw the plaintiff's son making this measurement, and told how it was done. I cannot see why his statement, in confirmation of that of the son, was not entirely proper to be laid before the jury.

The next point which the brief brings to our attention is the alleged failure of the plaintiff to prove that the ice and snow upon the sidewalk were the cause of the accident. It is true, there is no single sentence in which the plaintiff or any of her witnesses say in so many words that the slippery and uneven condition of the walk occasioned by the accumulation of snow and ice caused her to slip and fall; but such is the fair inference from all the facts to which they testify. A few extracts from the record will show this. Thus, we find in the cross-examination of the plaintiff herself: "Q. You saw it [the sidewalk] was slippery and rough and uneven? A. Yes, sir. Q. And you knew it had been in that condition a long time previous? A. Yes, sir." A gentleman who helped her up testified: "I noticed the condition of the sidewalk at the time. There was snow and ice on it." And a lady who was with the plaintiff at the time of the accident swears: "I was about two steps ahead of Mrs. Stapleton when she slipped and fell. The sidewalk had never been cleaned. * * * The walk was

very holey and hilly, and patted down in the center by pedestrians, as if the children rode sleighs over it." These statements, taken together with the testimony of the plaintiff's son that he found four inches and a half of ice there on the 30th of January, 1895, and that the place was then in about the same condition as when his mother fell, tend strongly to show that the accident was due to the uneven and icy state of the highway. Whether the plaintiff was in any way at fault herself, and so contributed to the injury, was a question properly left to the jury, which they determined in her favor.

It is also argued that there is no proof that Gidney avenue was a public street. The city clerk of Newburgh testified that it had never been opened by the city, or accepted as a public street; that no grade line had ever been established thereon by the city, and, although there was flagging on a portion of the street, it was not put there by the city, or at its instance. In answer to this, the plaintiff proved a public user of Gidney avenue as a street for 20 years; but the appellant relies upon the case of Speir v. Town of New Utrecht, 121 N. Y. 420, 24 N. E. 692, as upholding the proposition that even this user did not make it a highway, unless it had been kept in repair, or taken charge of, or adopted by, the public authorities. Evidence of such adoption, however, appears in the record, and was supplied by one of the witnesses for the defendant, who was the superintendent of streets at the time the plaintiff was injured. During that winter, he said, he sent out notices after every storm to have sidewalks cleaned. "I had men employed by the city to clean the walks in case the owners did not do it. * * * Notice was served on the owner of the property where the accident occurred to clean the sidewalk. At the first snowfall he received notice, and after that there was a notice served on him after every snowfall." Here was proof which certainly indicated that the city had adopted Gidney avenue as a public street, assumed authority over it, and recognized the obligation of the municipality to exercise some degree of care in respect to its condition.

Another point upon which the appellant relies is the proposition that if new ice had formed upon the old ice which was said to have been on the sidewalk for several weeks, and the plaintiff slipped upon the new ice, she was not entitled to recover without showing that the old ice was a concurring cause of the accident. In Lawless v. City of Troy (Sup.) 18 N. Y. Supp. 506, the plaintiff fell upon an icy sidewalk covered with freshly-fallen snow, and a judgment in her favor was reversed because, upon the evidence, it was impossible to determine whether the old ice was a concurring cause, without which the accident would not have happened. But in the case at bar there is really no proof that any new ice had formed where the plaintiff fell. There had been rain four days previously, but whether it resulted in the formation of new ice at this spot or not in no wise appears. To hold that new ice had been formed there would be merely to speculate upon a possibility. No doubt, the ice and snow melted to some extent, and the water froze again, with the changes of temperature; but the testimony, as a whole,

indicates quite clearly that the accident was caused by an accumu-lation of snow and ice, which had been in this part of Gidney avenue quite long enough to give the municipal authorities constructive notice of its presence.

That portion of the charge of the learned trial judge is criticised in which he referred to the absence of ashes from the place on the sidewalk where the plaintiff fell, but we do not find that any exception was taken in behalf of the defendant to what he said on this subject.

The only other point requiring notice is the claim that the damages were excessive. The plaintiff's leg was broken. It was kept in a plaster of Paris cast about five weeks. Although the fracture was a simple one, and complete recovery is to be expected, the plaintiff still complained of discomfort in walking at the time of the trial, more than a year after the accident. Taking all the circumstances into account, we cannot say that the verdict was too large.

The judgment and order appealed from should be affirmed. All concur.