WILLARD BARRETT, J.
The plaintiff, a married woman,, then 70 years of age, was severely and permanently injured on the 13th day of December, 1894, while lawfully upon Grand street, in the city of Brooklyn, by the fall of of a large show case of wood and glass which had stood near the curb line of the sidewalk in front of the premises No. 691 Grand street for several years prior to the time of-the accident. There was an awning post near this show case, to which'it had been fastened by means of an iron brace. On December 11. 1894, a truck collided with the showcase, knocking it over and tearing off the brace. The show case was put back in position, but without fastening it the post by the brace or otherwise. The next day the case was blown down by the wind, and the plaintiff was hurt. The show case had been maintained in the same place upon Grand street for six or seven years before the accident occurred. No permission for the maintenance of the structure-had been given by the municipal authorities. Upon the trial the *602 court held that the city was not liable unless its officials, in the exercise of ordinary prudence, ought reasonably to have anticipated that such an incumbrance was likely to be loosened by contact with vehicles, and thus become dangerous. The plaintiff excepted to that portion of the charge in which the jury were so instructed. There was a verdict for the defendant, and the plaintiff has appealed.
It is clear that the show case, even when fastened by the iron brace to the awning post, was an unlawful obstruction in the street, which it was the duty of the defendant to remove. It was permanent in character, and continuously maintained, and, being wholly unauthorized, it constituted a public nuisance. “Any permanent •or habitual obstruction in a -public street or highway, ” said Denio, C. J., in Davis v. Mayor, etc., 14 N. Y. 506, 524, “is an indictable nuisance, although there be room enough left for carriages to pass; and is not less so, though the thing which constitutes the obstruction is not fixed to the ground, but it capable of being, and actually is, removed from place to place in the street. ” The city did not create the nuisance, but it failed to take any steps to abate it, although the duty to remove the obstruction arose, in the absence of any proof of actual notice to the authorities, as soon as notice of the existence could fairly be presumed from the lapse of time. Here the obstruction had existed, as already stated, for upwards of six years. But it is said that the show case was not dangerous so long as it remained fastened, and that unless the municipal authorities ought to have foreseen, as reasonable men, that there was a probability of its becoming unfastened as it did, there could be no liability on the part of the city. The learned trial judge adopted this view, and tried the ease accordingly; holding that, inasmuch as the accident could not have happened if the brace which held the show case had not been broken bv the collision with the truck, the accident could not be attributable to the neglect of the city, unless the city officials, in the exercise of reasonable prudence, ought to have deemed the presence of the securely fastened show -case dangerous, because likely to result in such a mishap as that which actually occurred. Time enough had not elapsed between the collision which loosened the show case and the injury to the plaintiff to impute notice to the municipal authorities that it was •no longer secured. It is plain, therefore, if the city is liable at all, that its liability arises out of the fact that it permitted the existence of an obstruction in the highway, amounting to a nuisance, which by reason of the act of another person lawfully using the highway, was rendered dangerous to the plaintiff, and inflicted "upon her the injuries of which she complained. The contention in behalf of the defendant is that an essential element of such liability is-that the obstruction shall be actually dangerous in the first instances, or manifestly likely thereafter to become so, in the judgment of prudent men, and that, if originally it be neither, the fact that it subsequently develops into a menace to public travel does not render the municipality chargeable with negligence for the resulting injury. I think this is too limited a view of the rule of law applicable to such a case, both upon reason and authority. *603 When a municipality tolerates for years the continuance of an unlawful obstruction in a public street, which it is in duty bound t© remove therefrom, its action is distinctly wrongful. It must bear the natural consequences of that wrongful action. Any unlawful obstruction in a public highway may prove dangerous to travelers, either from the manner in which it is originally erected, or by reason of accidental or other interference with it by strangers to its erection. Notice to the municipality, therefore, of its presence, is notice that the safety of public travel is endangered, or liable to be endangered. If, under such circumstances, the obstruction is allowed to remain, the municipality takes the risk. If injury ■ensues, the presence of the obstruction is to be deemed the proximate cause thereof, for the injury could not happened if the municipal authorities had performed their duty. In that event, in the case at bar, the show case would not have been on Grand street at all, and could not have been loosened by the collision with the truck, or fallen upon the plaintiff.
In Cohen v. Mayor, etc., 113 N. Y. 532, 23 S. It. 509, the plaintiff’s decedent was killed on Attorney street, in New York City, by the fall of the thills of a grocery wagon which was stored in the street under a permit issued by the city government. The thills had been tied up perpendicularly with a string, which broke in consequence of a collision with an ice wagon which was being driven along the street just as the injured man was passing. The trial court directed a verdict for the defendant, on the ground that the cause of the injury was the defective manner in which the thills were tied up, of which there was no evidence that the city had notice. In reversing the judgment the court of appeals, speaking by Peckham, J., said:
“But, assuming that the city had no right to issue the permit, it is urged that such license did not authorize the negligence which ■saused Cohen’s death, and that the act of the defendant was too remote to be regarded as the proximate canse of the damage herein. We do not think so. The act of the defendant was wrongful. It consisted in setting up an obstruction in the public highway, and the accident happened because of the presence of the obstruction at the point in question. It was there by the act of the defendant, and, being there, it has caused the jnjury. To be sure, it may be said that if the thills had not been negligently tied they would not have fallen. But that was simply the way in which by reason of the presence of the obstruction, the accident occurred. There is always reasonable ground for apprehending accidents from obstructions in a public highway, and any person who wrongfully places them there, or aids in so doing, must be held responsible. for such accidents as occur by reason of their presence. The obstruction in such case must be regarded, within the meaning of the law on the subject, as the proximate cause of the damage. ”
I cannot see any difference in principal between the Cohen Case and this case. In Ring v. City of Cohoes, 77 N. Y. 83, the obstruction of which the plaintiff complained was a heap of ashes, which narrowed the roadway about one-third. This was certainly not any more essentially dangerous than was the show case here, or *604 more likely to become so, yet the court held that if the city carelessly permitted the heap to remain there, obstructing to some extent the roadway, it would be responsible for any accidents caused thereby. See, also, Rehberg v. Mayor, etc., 91 N. Y. 137,144, 145. While, undoubtedly, there are cases which have imposed a severe and stringent liability upon municipal corporations in respect to-the care of the streets under their charge,—notably, some of those relating to the accumulation of snow and ice,—I do not think any just complaint can be made of a rule which simply enforces upon such corporations the duty of preventing the artificial erection and maintenance of illegal obstructions in the highway, and makes them liable for personal injuries which would not be suffered if those obstructions were not negligently permitted to occupy the street. Such a rule is essential to the adequate protection of the public, and calls upon the officers of the municipality for the exercise of nothing more than reasonable diligence on their part to keep the streets safe.
In my opinion the judgment should be reversed, and there should be a new trial.
All concur.