### HYLAND v. BURNS et al.

(Supreme Court. Appellate Division, Second Department. November 20, 1896.)

NEGLIGENCE—CHILDREN—QUESTION FOR JURY.

　　Negligence is a question for the jury where a child seven years old is injured by the toppling over of stones piled in the street by defendant.

Appeal from city court of Brooklyn, trial term.

Action by Thomas Hyland against John Burns and James V. Johnson, composing the firm of Burns & Johnson, to recover damages for the loss of service of plaintiff's child by reason of injury to the child's hand. The complaint was dismissed on the merits, and plaintiff appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John J. Leary, for appellant.
Paul E. De Fere, for respondents.

PER CURIAM. The jury would have been authorized to find, upon the evidence, that the piling of the stone in the street line constituted an unlawful obstruction in the street, and was, therefore, a nuisance. Cohen v. Mayor, 113 N. Y. 534, 21 N. E. 700; Wells v. City of Brooklyn, 9 App. Div. 61, 41 N. Y. Supp. 143. If the child was sui juris, which may not be affirmed as matter of law, the question of her negligence was for the jury, upon the evidence. If she was not sui juris, the question arises upon the negligence of the parents. The child was seven years and four months old. The mother testified that she cautioned the child, when upon the street, to stay in front of the house. At the time the mother was engaged about her household duties. The child had been absent for about half an hour, and

the mother understood she was at play upon the street. Under these circumstances the question whether proper care required of the mother more attention than she gave the child was for the jury to answer. The father of the child worked in the stoneyard opposite which the stone was piled, and evidence was given by defendants which tended to establish that he was instrumental in creating the obstruction which occasioned the injury. If this fact were conceded, we should have an entirely different question from that which disposes of this appeal. But this fact was not conceded. On the contrary, he testified that he had not worked at this place during the spring and winter prior to the injury. And the proof of defendants fails of showing that the father piled the stones that inflicted the injury. We are of opinion that the case presented a question of fact for the jury, and that the court erred in disposing of it as a question of law.

The judgment should therefore be reversed, and a new trial granted, with costs to abide the event.