(18 Misc. Rep. 509.)

### BEEKMAN v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. November, 1896.)

MUNICIPAL CORPORATIONS—DEFECT IN SIDEWALK—NOTICE.

A municipal corporation is not chargeable with negligence where an accident happens to a pedestrian by reason of a declivity in a cement sidewalk, of which the city had no direct notice, and which was not so apparent as to attract public attention.

Action by Isabella Beekman against the mayor, aldermen, and commonalty of the city of New York. Plaintiff moves for a new trial on the minutes after the dismissal of her complaint. Denied.

J. M. Mayer, for the motion.

F. M. Scott and W. H. Rand, Jr., opposed.

McADAM, J. The injuries for which the plaintiff claims compensation were sustained January 21, 1894, by slipping on the south sidewalk of 125th street, a little east of 7th avenue, New York City. On the day in question there had been a slight fall of snow, which in melting made the walk slippy. At the point where plaintiff fell there is a declivity or slope in the sidewalk of about three inches in a distance of three feet. Upon stepping at this place the plaintiff slipped, and received the injuries. The melting snow evidently had something to do with the accident, and probably accounts for it. Monahan v. City of Cohoes, 8 Wkly. Dig. 528. The sidewalk was constructed by the owner of the adjoining property, was made of a cement variously called "adamantine," "fluitine," and "cosmolithic," and apparently in a safe condition. No danger was obvious, and notice of any defect was not brought home to the defendant. For this reason, and want of proof of negligence, the complaint was dismissed. The plaintiff claimed that, because other people had fallen there, a municipal liability was established. This is not so. Dubois v. City of Kingston, 102 N. Y. 219, 6 N. E. 273. The plaintiff's authorities are inapplicable. In Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 11 N. E. 43, the village allowed a continued accumulation of ice and snow on the walk, and the plaintiff slipped, and was injured. Another witness testified to slipping at the same place, and, following Quinlan v. City of Utica, 11 Hun, 217, affirmed 74 N. Y. 603, the court held that the evidence was competent, not as an implication of notice to the city, but as tending to show how the witness came to know the fact he was testifying about. Saulsbury v. Village of Ithaca, 94 N. Y. 27, was an excavation case. In Urquhart v. City of Ogdensburgh, 97 N. Y. 238, the defect was one of con-

struction, a board sidewalk having been improperly constructed, and suffered to remain in a dangerous condition. And in Bullock v. Mayor, etc., 99 N. Y. 654, 2 N. E. 1, the flagging on the walk had been taken up, and the walk left unsafe for pedestrians. In the three cases last referred to the defects were at once obvious, and had existed for a sufficient length of time to imply notice of the danger to the officers whose duty it was to remedy the evil. The extent of the duty of a municipal corporation is to use ordinary care in the performance of its duties. It is not, therefore, a general warrantor of the safe condition of its streets. Negligence on the part of its officers must be affirmatively shown, and the mere existence of the defect causing an injury is not enough. Shear. & R. Neg. (4th Ed.) § 290. Before a municipality can be made liable for such defects not arising from its construction, either express notice must be brought home to it, or the defect must have been an obvious one, and existed for a sufficient length of time to give the officers of the corporation opportunity to learn of it; otherwise the law will not impute notice to the municipality, and charge it with negligence. Masterson v. Village of Mt. Vernon, 58 N. Y. 394; Smith v. Mayor, etc., 66 N. Y. 295; Todd v. City of Troy, 61 N. Y. 506; Niven v. City of Rochester, 76 N. Y. 619; Hume v. Mayor, etc., 47 N. Y. 639. The defect of which the plaintiff complains was not so apparent as to attract public attention. She did not observe it, and hundreds, like her, had no doubt passed and repassed without noticing it. The case falls within the principle laid down in Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401, that a municipal corporation is not chargeable with negligence when an accident which, according to common experience, was not likely to occur, happens to a traveler by reason of a depression in the middle of a flagged sidewalk.

The nonsuit was properly ordered, and the motion for a new trial must be denied.