(24 Misc. Rep. 241.)

ROBERT v. POWELL.

(Supreme Court, Trial Term, Queens County. July, 1898.)

1. NUISANCE—QUESTION OF LAW.
    The question of whether a carriage-stone, of usual size and shape, and in the usual position on the street, is a common nuisance, is one of law, and not of fact.
2. SAME—WHAT CONSTITUTES.
    The presence of a carriage-stone upon the street, of the usual size and shape, and in the usual position for such stones, is not a nuisance.

Action by Francis B. Robert against Sarah H. Powell. On motion to set aside a verdict for plaintiff, and dismiss the complaint. Granted.

Motion to set aside a verdict for the plaintiff and grant the motion to dismiss the complaint made at the close of the testimony and reserved.

Action for personal injury. The plaintiff hurried across the street to hail a cab, and as he stepped from the roadway to the curb stumbled over a carriage-stone and hurt himself. The stone was in front of the defendant's residence in the borough of Manhattan, and had been put there by her nine years before, and was in use during all of that time. No license for it had ever been obtained from the city. It was of the usual size and shape and in the usual position, being 30 inches long, 18 inches high and 16 inches wide, and lying lengthwise upon the sidewalk along by the curb. There was about 8 feet in width of free sidewalk between the stone and the inside of the sidewalk.

A. I. Elkus, for plaintiff.
H. A. Powell, for defendant.

GAYNOR, J. The jury have found that this carriage-stone was a dangerous obstruction in the street, and therefore a common nuisance. It does not seem to me that the law yields to such a finding of fact, but that on the contrary the question is one of law and not of fact. It is common knowledge that it has always been customary both in country and city for abutting property owners to set and use hitching posts, horse-blocks, carriage-stones, water troughs and the like upon the side of the road or street, and they are to be seen at every hand. That which is part and parcel of the established order and custom of the community cannot be a common nuisance. The definition of a common nuisance excludes it. "What may be deemed a reasonable and proper use of a way, public or private, must depend much on the local situation and much on public usage. The general use and the acquiescence of the public is evidence of the right." Van O'Linda v. Lothrop, 21 Pick. p. 297. If the plaintiff had run against the hitching post instead of the carriage-stone could he maintain an action like this? Wherein would the difference be? Is not each a convenience recognized and allowed from time immemorial as belonging to the abutting owner?

The case of Dubois v. City of Kingston, 102 N. Y. 219, 6 N. E. 273, was also an action for damages for a fall over a carriage-stone larger in size than the present one and in the same position. It was not however an action against the abutting owner for a nuisance, but against the city for alleged negligence in allowing a dangerous nuisance to remain in the street. Thus the question whether the carriage-stone was a dangerous nuisance was involved, for only on the theory that it was, and that the abutting owner who maintained it was liable for it as such, could the city be held liable for negligence in not removing it. The latter liability depends upon the former. The court of appeals held that the carriage-stone was not a nuisance, dangerous or otherwise. "The stepping stone over which the plaintiff fell and was injured was not of unusual size or of an improper construction, nor was it located in an improper place," say the court. They further speak of it as a convenience, and say "It was not any more exposed than was essential for its proper and useful location." They could not have said plainer that such stepping stones are usual and proper.

In view of the Dubois Case, I do not see that I am constrained by the decision in Wells v. City of Brooklyn, 9 App. Div. 61, 41 N. Y. Supp. 143; Id., 16 Misc. Rep. 314, 38 N. Y. Supp. 309, which is pressed upon me. It holds the city liable regardless of whether the securely fastened show case at the curb which was broken from its fastenings and fell over from a cart running into it, was dangerous in fact or not. The jury found under the submission to them that as set up and securely fastened to a post, so that it was impossible for it to fall over, it was not dangerous, or liable within reasonable foresight to become dangerous, and that therefore the city was not negligent in failing to remove it. The decision on appeal turned the case into a mere assessment of damages, for the fastened show case had existed there for seven years. The duty of a city out of which liability grows in all such cases is only to keep the streets "reasonably safe" for the public use, as the cases all repeat. This does not require the removal of all nuisances placed by third persons, but only of such as are dangerous. If the obstruction be not dangerous in fact, I had understood that negligence may not be predicated upon a failure to remove it. Rehberg v. Mayor, etc., 91 N. Y. 145; Saulsbury v. Village of Ithaca, 94 N. Y. 27; Dubois v. City of Kingston, 102 N. Y. 219, 6 N. E. 273; Kunz v. City of Troy, 104 N. Y. 344, 10 N. E. 442; Hubbell v. City of Yonkers, 104 N. Y. 434, 10 N. E. 858; Hunt v. Mayor, etc., 109 N. Y. 134, 16 N. E. 320; Bieling v. City of Brooklyn, 120 N. Y. 98, 24 N. E. 389. For instance, in the Rehberg Case the obstruction was unlawful, but the court did not base its decision reversing the non-suit merely upon the unlawfulness of the obstruction, in other words upon the mere fact that it was a nuisance, without regard to whether it was dangerous, but upon the ground that if from defective construction it "might occasion injury," and was therefore "dangerous in fact," the city would be liable for negligence, or for breach of its duty to keep the streets "reasonably safe," in not removing it after notice actual or constructive of its existence, and that the question of negligence thus defined and reduced to its ele-

ments was one of fact and should have been submitted to the jury. And in the Hunt Case it is carefully said: "Where the defect is known, rendering the street unsafe and dangerous, the municipality is bound to be prompt and vigilant in remedying it" (109 N. Y. p. 141, 16 N. E. 323); and this is followed by the caution that "the language of the cases" upon the subject "has not always been carefully guarded." During my time at the bar I invariably heard the jury charged in such cases, that if they found the obstruction to have been dangerous, and that the city had notice actual or constructive from lapse of time of its existence and failed to remove it, a case of negligence was made out for which the city was liable. I never heard it suggested that a city could be held for negligence for not removing a thing not dangerous. If it can be, then of course the question of whether the thing was or was not liable within reasonable foresight to become dangerous is not for the jury at all. That which is not dangerous at all may be made so by a cart being backed into it. Of course Cohen v. Mayor, etc., 113 N. Y. 532, 21 N. E. 700, has no application to the point, for there the city licensed the nuisance, receiving a fee therefor, and was therefore held liable not on the doctrine of negligence, but for creating and maintaining a nuisance, in which negligence is not an element at all. Every unlawful obstruction in the public highway is a common nuisance. It is not necessary that it be dangerous to life or limb in order to be a common nuisance. It is enough that it cause general inconvenience or annoyance, though it be perfectly safe. This is elementary (4 Bl. Comm. 167). The duty of highway or street officials to remove all common nuisances created by others, and whether dangerous or not, and that they may be compelled to do so, or be indicted for not doing so, is one thing; but official or municipal liability for damages for personal injuries because of them I had supposed prior to the Wells Case to be quite another and independent thing. I had supposed it could not arise out of every such nuisance, but only out of such as are dangerous in fact. Being dangerous in fact, the foundation for negligence for failure to remove exists; if not dangerous, it does not exist. "Willful misconduct or culpable neglect," so often said to be the gist of an action for negligence, cannot exist in respect of an act or a thing not dangerous. In an action against the creator or maintainer of a nuisance, whether a city or another, it is enough that it was a nuisance, and that the injury came from it, even though reasonable foresight could not have anticipated danger from it; but it had been my understanding that a city is not liable in damages for every street nuisance created by others, but only for such as are dangerous, and then only for negligence in not abating them. But the Wells Case is not strictly relevant here, as counsel will perceive, for even though it holds a city liable regardless of whether the nuisance be dangerous in fact, that was always the rule in relation to the person who created or maintained the nuisance, and is applicable to this defendant if the carriage-stone were a nuisance, whether dangerous or not. But it is not a nuisance. If inconvenient, annoying or dangerous, it would be a nuisance. Inasmuch as the plaintiff stumbled over it, it might be said to have been inconvenient, annoying and dangerous as proved

by his case. But an instance is not the test. The rule is whether people in general of ordinary judgment, care and prudence as the world goes would deem it such, and I think the law itself conforming to immemorial custom answers this in the negative.

The verdict for the plaintiff is set aside, and the complaint is dismissed.