WELLS v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

1. MUNICIPAL CORPORATIONS—OBSTRUCTION ON SIDEWALK—LIABILITY FOR IN-
JURIES.
    A show case continuously maintained on a sidewalk for several years,
without permission from the municipal authorities, is a public nuisance,
and the city is liable for injuries caused by its fall.

2. DAMAGES—PERSONAL INJURIES.
 Verdict for $10,000 damages for personal injuries is not excessive where injuries were permanent.

Appeal from trial term, Kings county.

Action by Jane Wells against the city of Brooklyn. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Carr (R. Percy Chittenden, on the brief), for appellant.

James D. Bell, for respondent.

GOODRICH, P. J. The plaintiff, in 1894, was injured by the fall of a photographer's show case, which stood on the sidewalk of Grand street, Brooklyn. There was a trial in 1896, resulting in a verdict for the defendant. On appeal, the judgment was reversed and a new trial granted. The case was retried in 1899, and resulted in the direction of a verdict for the plaintiff, the assessment of damages being submitted to the jury, who rendered a verdict for $10,000. It is not necessary to fully state the facts, as they were set out in our former opinion. 9 App. Div. 61, 41 N. Y. Supp. 143.

There are two questions only for us to consider:

First, whether the court erred in holding that the city was liable for the injury in question by reason of its permitting the show case to stand upon the sidewalk for a period of several years. This court, on the former appeal, held that the show case, being permanent in character, continuously maintained and unauthorized, constituted a public nuisance, which it was the defendant's duty to remove as soon as knowledge of its existence could fairly be attributed to it. On the last trial the corporation counsel stipulated that the show case had occupied its position long enough for the city to have constructive notice of it prior to the time the brace was broken, shortly before the accident. The court directed a verdict for the plaintiff on this question, and this was in accordance with the law announced on the former appeal.

Second, was the verdict excessive? We think not. Four physicians were examined on behalf of the defendant in respect to the plaintiff's injuries and condition. To summarize their testimony would serve no useful purpose, as, taken all together, it is easily sufficient to sustain the amount of the verdict. The case is free of exception to admission or rejection of evidence. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.