### WHITTAL v. CITY OF NEW YORK.

(Supreme Court, Trial Term, Kings County. April, 1900.)

MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTIONS—INJURIES—INSTRUCTIONS.

Where plaintiff was injured by falling over a rope which a grocer had tied along the curb from one awning post to another to support Christmas trees exhibited for sale, a charge that the city was liable for neglect to remove an obstruction placed in the street by a third person, without regard to whether it was such as persons of reasonable prudence and foresight would deem dangerous, was not error.

Action by Alfred D. Whittal against the city of New York for an injury occasioned by the plaintiff falling over a rope which a grocer had tied along the curb from one awning post to another to support Christmas trees exhibited for sale. Verdict for plaintiff. Motion by defendant for a new trial on the minutes. Denied.

J. G. Williamson, for plaintiff.

R. Percy Chittenden, for defendant.

GAYNOR, J. An exception was taken to my charge to the jury that the city would be liable for neglect to remove the obstruction without regard to whether it was such as persons of reasonable prudence and foresight would deem dangerous or not. In Wells v. City of Brooklyn, 16 Misc. Rep. 314, 38 N. Y. Supp. 309; Id., 9 App. Div. 61, 41 N. Y. Supp. 143, I charged that the city could not be held liable for negligence for failure to remove an object placed on the sidewalk by an occupant of abutting property unless such object was one which in the judgment of persons of ordinary prudence and foresight was or might become dangerous. Whether the object was such a one was the sole question submitted to the jury, and they found for the defendant. For this charge the judgment was reversed by the appellate division, it being held that a city is liable for an injury done by an obstruction placed in the street by a third person regardless of whether it could be deemed dangerous, or likely to become dangerous. And yet it is true that the proposition of law on which such liability of a city for negligence is founded is that it has a duty to use care to keep the streets "reasonably safe." It may not appear at first sight how the duty to keep streets "reasonably safe" is violated by failing to remove an object which cannot be deemed dangerous. I do not understand that such liability is put on the ground of nuisance. Of course the person putting an obstruction in the street is liable for any injury it may do, regardless of whether it could be deemed dangerous, viz., under the head of nuisance. The case of Cohen v. Mayor, 113 N. Y. 532, 21 N. E. 700, 4 L. R. A. 406, is not in point. There the city licensed the obstruction and received a fee for it, and was therefore an affirmative party to the creation and maintenance of the nuisance, and of course liable under the head of nuisance. In the present case the city is liable only under the head of negligence, and its liability is established by the Wells Case. It is held, however, that there are obstructions in the street which the law will not deem dangerous, and for which there can be no liability. Robert v. Powell, 24 Misc. Rep. 241, 52 N. Y. Supp. 918; affirmed on appeal (Sup.) 57 N. Y. Supp. 1146. Is the line of distinction one of law only? Can it never be one of fact? The Wells Case answers this latter in the negative.

Motion for a new trial denied.