WILLIAM B. FOYE, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Appellate Term, Second Department, October —, 1928.

———— ————, for the plaintiff.

———— ————, for the defendant.

PER CURIAM. Judgment and order unanimously reversed upon the law, with thirty dollars costs to appellant, and verdict reinstated.

The pleadings admitted that the street upon which the accident happened was a public highway and that the defendant owed the duty of keeping it in a reasonably safe condition. The proof justified the finding of the jury that it was not so maintained. The fact that the sidewalk, at the place of the accident, was not paved is immaterial. The city's liability was to keep the sidewalk reasonably safe whether it is flagged, planked, or made of ashes or dirt. (*Deufel* v. *Long Island City*, 19 App. Div. 620; *Lehn* v. *City of Brooklyn,* 19 N. Y. Supp. 668; affd., 143 N. Y. 674; *Higgins* v. *Village of Glens Falls*, 11 N. Y. Supp. 289; 57 Hun, 594; affd., 124 N. Y. 666; *Stapleton* v. *City of Newburgh*, 9 App. Div. 39; *Schafer* v. *Mayor, etc., of New York*, 154 N. Y. 466; *Murphy* v. *City of Indianapolis*, 83 Ind. 76; *Hillyer* v. *Winsted*, 77 Conn. 304; *City of Atchison* v. *Mayhood*, 69 Kan. 672; *Benton* v. *City of St. Louis*, 217 Mo. 687.) The case of *Quinn* v. *City of New York* (145 App. Div. 195), upon which the trial court relied, is not in conflict with the decisions mentioned. Whether the plaintiff's wife was negligent was a question of fact and not of law. (*Bullock* v. *Mayor, etc., of New York*, 99 N. Y. 654; *Pomfrey* v. *Village of Saratoga Springs*, 104 id. 459; *Weed* v. *Village of Ballston Spa*, 76 id. 329.)