(13 App. Div. 130.)

### WILLIAMS v. LEWIS.

(Supreme Court, Appellate Division, Second Department. January 19, 1897.)

EVIDENCE—FORMER TRIAL—STENOGRAPHER'S MINUTES.
Recitals, made by the stenographer in his minutes of a habeas corpus proceeding, that defendant was the petitioner, and that plaintiff appeared as defendant's attorney, are not admissible to prove the facts recited in an action to recover for plaintiff's services as attorney in the habeas corpus proceeding.

Appeal from judgment on report of referee.

Action by Charles Howard Williams against Mary E. Lewis to recover for services as attorney. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Henry H. Man, for appellant.
Howard H. Williams, for respondent.

CULLEN, J. This action is brought to recover the value of professional services alleged to have been rendered to the defendant by the plaintiff, as a lawyer, in proceedings to obtain the defendant's discharge from an asylum, where she was confined. That the plaintiff rendered services in a habeas corpus proceeding, which resulted in the liberation of the defendant, is not disputed. But the defendant contends that the services were rendered not on her employment or retainer, but on that of a society known as the "Anti-Kidnapping League." There was a further claim for a small-

er amount for services of the plaintiff in the proceedings to probate the will of the defendant's father. We are of opinion that there was sufficient evidence to warrant the finding of the referee that the plaintiff acted under the defendant's employment. But we think that on the trial the learned referee admitted incompetent evidence, and, as appears by his opinion, based his conclusion, to some extent, on such evidence. On the trial the plaintiff offered in evidence the stenographer's minutes of the proceedings and testimony taken in court on the habeas corpus. This was objected to by the counsel for the defendant, except so far as the minutes tended to show, by their bulk, the extent and length of testimony taken on the hearing. The objection was overruled, and to this the defendant excepted. As appears in this record, the stenographer's minutes in the habeas corpus proceeding recited the appearance of the plaintiff for the petitioner. When the defendant was there sworn and examined, the minutes read: "Mary E. Lewis, the petitioner, being duly sworn and examined in her own behalf, testifies," etc. The plaintiff read from those minutes the testimony of the petitioner, and also the testimony of Dr. Bowman, the physician in charge of the asylum from which she was discharged. The accuracy of the transcript being conceded, the testimony of the defendant was, of course, properly read in evidence, but we see no justification for the admission of the testimony given by Dr. Bowman on the habeas corpus. That testimony, given in another proceeding, was plainly hearsay. It cannot be treated as harmless, because it had some bearing on the question of whether the defendant sought her discharge, as claimed by the plaintiff, or that the proceeding was solely instituted and conducted at the instigation of the society. In his opinion the learned referee lays stress on the fact that the stenographer's minutes showed that the plaintiff appeared for the petitioner, and a few pages later the defendant is stated to be the petitioner. He was, therefore, of opinion that the defendant must have been aware that the plaintiff was appearing as her counsel. The record before us does not show on whose petition the writ of habeas corpus issued. The judgment of the stenographer, as expressed by the entry in his minutes, that the defendant was the petitioner and the plaintiff her counsel, was no proof of either fact. From the history of the case, by which it appears that the defendant was in confinement, I should think it doubtful if the habeas corpus was issued on her petition, and think it entirely probable it may have been issued on the petition of one of the members of the society. However this may be, the fact whether the defendant was the petitioner in that proceeding could be properly proved only by the petition itself. The admission of this statement in the stenographer's minutes was, therefore, error.

We think further error was committed by the receipt in evidence of the decree in the action in the supreme court for the construction of the will of the defendant's father. That decree showed that under the will the defendant was entitled to the income from a trust fund of about $400,000, and it was the duty of the trustees under that will to determine the mental condition of the defendant,

and, as they determined it, either pay over the income directly to the defendant, or to the defendant's sister for defendant's support. I cannot see that in any aspect of the case this was admissible. The plaintiff stated, as a ground for its admission, that it showed the relations that existed between the trustees and executors of that will and the defendant. Those relations were entirely immaterial in this case. But, if the decree had shown only such relations, its admission would have been harmless. The real harm was that it showed the defendant had an income arising from $400,000 principal, and I cannot but think that a desire to show this fact was the inducing cause for offering this decree in. evidence; for when the expert witness was examined to show the value of the plaintiff's services the hypothetical question was based not only on the details of the plaintiff's labors, but on the fact that the trust estate amounted to over $400,000. This question was also objected to, and, over the defendant's exception, allowed to be answered. The amount of defendant's pecuniary means was not competent on the question of the value of the plaintiff's services. If the plaintiff was employed by the defendant, he was entitled to recover a fair compensation for his work, but that compensation would be the reasonable value of his services, and not dependent on the wealth or means of the defendant. The plaintiff's services were certainly meritorious, for they resulted in obtaining defendant's release. But the question was whether these services, however meritorious, were rendered on the defendant's retainer or on that of the society. If they were not rendered under the defendant's employment, she was not liable. As we think that on this question incompetent evidence was admitted, as was also done on the question of the value of the services, we feel constrained to reverse this judgment.

The judgment appealed from should be reversed, and a new trial granted before a new referee, to be appointed at special term. All concur.