## WILLIAMS v. LEWIS.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

ATTORNEY AND CLIENT—LIABILITY FOR SERVICES.

> The mere fact that the secretary of an "Anti-Kidnapping Union" signed the petition for habeas corpus to secure the release of one improperly restrained, and that the name of the attorney trying the case appeared on the letter headings of the society as one of its general committee, does not conclusively show the society undertook to pay the attorney for his services in securing such release.
>
> Woodward, J., dissenting.

Appeal from judgment on report of referee.

Action by Charles Howard Williams against Mary E. Lewis. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John M. Bowers, for appellant.

Howard H. Williams, for respondent.

WILLARD BARTLETT, J. The only difficulty we have found in disposing of this appeal has arisen from the voluminous mass of evidence which it has been necessary to examine. The nature of the action, and the principal issue to be determined therein, were pointed out in the opinion delivered upon the previous appeal. Williams v. Lewis, 13 App. Div. 130, 43 N. Y. Supp. 255. As Mr. Justice CULLEN then observed, the plaintiff's services as counsel in the proceedings to procure the defendant's discharge from restraint as an insane person were certainly meritorious, as they resulted in obtaining the lady's release; but the question was whether these services, however meritorious, were rendered on the defendant's retainer or on the retainer of a society named the "Lunacy Law Reform League & Anti-Kidnapping Union." A judgment in favor of the plaintiff was reversed on that appeal on account of errors in the admission of evidence, both in regard to the question whether the plaintiff acted under the defendant's employment or that of the society, and also in reference to the value of the plaintiff's services. No such errors were committed upon the second trial, now under review. The proof in the present record in support of the plaintiff's claim seems to us as strong as that which upon the first appeal we expressly declared to be "sufficient evidence to warrant the finding of the referee that the plaintiff acted under the defendant's employment." From the referee's opinion, it appears that one defense largely relied upon before him was that the defendant did not possess sufficient mental capacity to understand that the plaintiff was acting as her attorney or to retain him as such. We think the referee's conclusion to the contrary is the only one justified by the evidence on this branch of the case. The appellant now emphasizes the circumstance that the petition for the writ of habeas corpus was signed by the secretary of the Lunacy Law Reform League & Anti-Kidnapping Union, and the

further fact that the plaintiff's name appeared upon the printed letter headings of the society in the list of persons constituting its general committee. These are not matters of controlling significance. Such a society might very well exert its influence to promote the purposes indicated by its title without undertaking to pay counsel who rendered services in securing the release of sane persons improperly restrained of their liberty on the ground of insanity. We find no proof of any such conduct on the part of its officers or agents, or of Mr. Williams, as would justify the defendant in assuming that Mr. Williams was to look for his compensation, not to her, but to the Lunacy Reform League, etc. On the contrary, there is abundant evidence that she recognized him as her lawyer, whom she proposed to pay. The amount found by the referee as the value of the plaintiff's professional work is less than the highest estimate given by the witness on this subject, and is not attacked as unreasonable. The record discloses no legal error which can possibly have been harmful to the defendant, and therefore the case presented turns simply on questions of fact, as to which the most that can be said in behalf of the appellant is that there was evidence before the referee which would support a decision either way, according to the weight which he might give to the various circumstances in proof, and the degree of credibility which he might attach to the statements of the several witnesses. With the resulting judgment, under such conditions, an appellate court may not interfere.

Judgment affirmed, with costs. All concur, except WOODWARD, J., dissenting.