JOHN FRANK, Respondent, *v.* THE VILLAGE OF WARSAW, Appellant.

Streets — obstruction of street by machine likely to explode — when municipality liable for injuries caused by explosion of a peanut roaster while standing in street.

When the occupation of a street or highway by an obstruction is so protracted as to possess an element of permanency it is the duty of the authorities to remove it, and in case of their failure to do so the municipality may be charged with negligence in case of injury arising therefrom.

In an action against a village, where it appeared that plaintiff was injured by the explosion of a steam peanut roaster, which, to the personal knowledge of the trustees, had obstructed the highway for many weeks before the accident, the court charged that the obstruction was wrongfully in the highway and was the proximate cause of the injury ; that it was for the jury to determine whether the officials knew, or ought to have known, that there was danger of an explosion and consequent danger to travelers and passers along the street. *Held*, that the issue was correctly submitted to the jury.

*Frank* v. *Village of Warsaw*, 129 App. Div. 936, affirmed.

(Argued March 18, 1910; decided May 17, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered

March 2, 1909, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion. (See *Frank* v. *Village of Warsaw*, 116 App. Div. 618.)

*Elmer E. Charles* for appellant. The liability of the municipality for failing to remove an obstruction from the street after notice, which is not authorized by it, is based solely on the duty of the municipal authorities to keep the streets in such repair that they may be safely traveled and because the obstruction is treated as a defect in the street itself. It is not liable for everything that happens in the street. Its liability depends in all cases upon negligence. (*Hunt* v. *Mayor, etc.*, 109 N. Y. 140 ; *Hume* v. *Mayor, etc.*, 74 N. Y. 270; *Danaher* v. *City of Brooklyn*, 119 N. Y. 241.) The placing of the vending machine where it was located was not an unlawful act and did not make it a nuisance *per se*, and in such case when the danger to the traveler is not in the obstruction itself, but results from the acts or negligence of a third party in the use of a street, the municipality is not liable. (*Fox* v. *Village of Manchester*, 183 N. Y. 148 ; *Howard* v. *Robbins*, 1 Lans. 63 ; *Griffin* v. *McCullen*, 46 Barb. 561 ; *Tinker* v. *N. Y., O. & W. R. R. Co.*, 157 N. Y. 321 ; *Flynn* v. *Taylor*, 127 N. Y. 596 ; *Callanan* v. *Gillman*, 107 N. Y. 360 ; *Sweet* v. *Perkins*, 115 App. Div. 784.) The hurt to the plaintiff, not being caused by an unlawful obstruction, but by the acts or negligence of the owner of the peanut roaster in using the street for its operation, the village is not liable. (*Fox* v. *Village of Manchester*, 183 N. Y. 141.) A village is liable for failing to remove an obstruction from the street after notice only on the ground of negligence in permitting the obstruction to remain after it should have caused its removal, and then only for such consequences as might reasonably be apprehended on account of the defective condition of the street caused by the obstruction itself.

(*Hunt* v. *Mayor, etc.*, 109 N. Y. 140 ; *Frankel* v. *Mayor, etc.*, 18 N. Y. S. R. 241; *Studeor* v. *Gouverneur*, 15 App. Div. 230; *Beltz* v. *City of Yonkers*, 148 N. Y. 70 ; *Sutphen* v. *Town of North Hempstead*, 80 Hun, 409 ; *Lane* v. *Town of Hancock*, 142 N. Y. 521; *Hubbell* v. *City of Yonkers*, 104 N. Y. 439 ; *Cohen* v. *Mayor, etc.*, 113 N. Y. 532 ; *Speir* v. *City of Brooklyn*, 139 N. Y. 6 ; *Landau* v. *City of New York*, 180 N. Y. 48 ; *Rogers* v. *City of Binghamton*, 101 App. Div. 352 ; *Howard* v. *City of Brooklyn*, 30 App. Div. 224.) The plaintiff failed to prove facts from which the jury could find that danger might reasonably be apprehended from the presence of the roaster on the street or that an explosion was likely to occur. The village, therefore, was not liable. (*Hunt* v. *Mayor, etc.*, 109 N. Y. 140.) No actionable negligence was proven, because the omission of duty complained of was nothing more than the failure of the village authorities to perform a police duty or governmental function, for which the village is not liable. (*Rogers* v. *City of Binghamton*, 101 App. Div. 352 ; *Howard* v. *City of Brooklyn*, 30 App. Div. 217 ; *Toomey* v. *City of Albany*, 38 N. Y. S. R. 91; Whittaker's Smith on Negl. 248 ; *Levy* v. *City of New York*, 1 Sandf. 465 ; *Leonard* v. *City of Hornellsville*, 41 App. Div. 107 ; *Barber* v. *City of Roxbury*, 11 Allen [93 Mass.] 318; *O'Rourke* v. *Sioux Falls*, 5 So. Dak. 447 ; *Borough of Norristown* v. *Fitz Patrick*, 94 Penn. St. 121 ; *Robinson* v. *Greenville*, 42 Ohio St. 625 ; *Arms* v. *City of Knoxville*, 51 Ill. 604 ; *Campbell* v. *City Council of Montgomery*, 52 Ala. 527 ; *Borland* v. *City of New York*, 1 Sandf. 27.) The placing or maintaining of this machine and stand upon the street was not the proximate cause of the injury. (*Beltz* v. *City of Yonkers*, 148 N. Y. 79 ; *Beetz* v. *City of Brooklyn*, 10 App. Div. 382 ; *Murphy* v. *Leggett*, 29 App. Div. 315 ; *Laidlaw* v. *Sage*, 158 N. Y. 101 ; *Studeor* v. *Gouverneur*, 15 App. Div. 230 ; *Sutphen* v. *Town of Hempstead*, 80 Hun, 409 ; *Lane* v. *Town of Hancock*, 142 N. Y. 521; *Hubbell* v. *City of Yonkers*, 104 N. Y. 439 ; *Burns* v. *Town of Farmington*, 31 App. Div. 364; *Frank* v. *Village of Warsaw*,

30

116 App. Div. 623.) Errors were committed by the court in the charge to the jury. (*Hoffart* v. *Town of West Turin*, 90 App. Div. 348; *Kirby* v. *D. & H. Co.*, 20 App. Div. 473.)

*Eugene M. Bartlett* for respondent. A permanent obstruction in a street or highway interfering with the convenience of the public or imperiling the safety of the traveler is an unlawful obstruction and within the definition of a public nuisance. (*Davis* v. *Mayor, etc.*, 14 N. Y. 506; *Hume* v. *Mayor, etc.*, 74 N. Y. 264; *Landau* v. *City of New York*, 180 N. Y. 48; *Frank* v. *Village of Warsaw*, 116 App. Div. 625; *Cohen* v. *Mayor, etc.*, 113 N. Y. 532; *Callahan* v. *Gilman*, 107 N. Y. 365; *Ring* v. *City of Cohoes*, 77 N. Y. 83; *Rehberg* v. *Mayor, etc.*, 91 N. Y. 137; *Wells* v. *City of Brooklyn*, 9 App. Div. 61.) Not only was the peanut roaster an obstruction in the street, but its maintenance therein exposed the passers-by to the danger of an explosion or contact with its machinery while in operation, and was thus a public nuisance by statute as well as common law. (Penal Code, § 385, subd. 3; *Johnson* v. *City of New York*, 186 N. Y. 146; *Speir* v. *City of Brooklyn*, 139 N. Y. 6; *Landau* v. *City of New York*, 180 N. Y. 48.) The contention of defendant's counsel that a municipality is not liable for the omission of its officers to cause the abatement of a nuisance in the public street, and that it is only liable when it becomes a joint tort feasor in the creation of a nuisance cannot be sustained. (*Conrad* v. *City of Ithaca*, 16 N. Y. 158; *Weet* v. *Vil. of Brockport*, 16 N. Y. 161; *Saulsbury* v. *City of Ithaca*, 94 N. Y. 27; *Nelson* v. *Vil. of Canisteo*, 100 N. Y. 89; *Sewall* v. *City of Cohoes*, 75 N. Y. 45; *Jorgensen* v. *Squires*, 144 N. Y. 280; *Vil. of Canandaigua* v. *Foster*, 81 Hun, 147; *Kuchenmeister* v. *Brown*, 13 Misc. Rep. 139.) The fact that the nuisance was maintained during business hours only, and when there was greater danger to persons using the street does not relieve the defendant from the duty of suppressing it. (*Murphy* v. *Leggett*, 29 App. Div. 310; *Kunz*

v. *City of Troy*, 104 N. Y. 344; *Davis* v. *City of New York*, 14 N. Y. 406.) The fact that the machine or nuisance was in apparent good order did not relieve the defendant from the duty of abating it. (*Ring* v. *City of Cohoes*, 77 N. Y. 83; *Rehberg* v. *City of New York*, 91 N. Y. 144; *Hunt* v. *Mayor, etc.*, 109 N. Y. 134; *Frank* v. *Vil. of Warsaw*, 116 App. Div. 628.) The suppression and abatement of the nuisance was a ministerial act and not the exercise of governmental functions or police powers. ( *Weet* v. *Vil. of Brockport*, 16 N. Y. 163; *Rogers* v. *City of Binghamton*, 101 App. Div. 352; *Howard* v. *City of Brooklyn*, 30 App. Div. 224; *Toomey* v. *City of Albany*, 38 N. Y. S. R. 91.) The maintenance of the peanut roaster in the street was the proximate cause of the injury to plaintiff. (*Ehrgott* v. *Mayor, etc.*, 96 N. Y. 281; *Ivory* v. *Town of Deer Park*, 116 N. Y. 476; *Phillips* v. *N. Y. C. & H. R. R. R. Co.*, 127 N. Y. 657.)

Willard Bartlett, J.   The plaintiff has lost both of his eyes by reason of the explosion of the boiler of a patent steam peanut roaster and popcorn heater on a public street in the village of Warsaw. This machine was supported by wheels, and the owner was permitted by the trustees of the village to maintain it stationed in the street in front of a shop where he vended fruit and candy. It had obstructed the highway at this place for many weeks before the accident, to the personal knowledge of all the village trustees, a majority of whom admitted upon the witness stand that they were aware that such a machine was likely to explode unless properly constructed and carefully operated. For their negligence in sanctioning its maintenance there under these circumstances, the village municipality has been held liable in the present action to the extent of $10,000 damages awarded by the jury to the plaintiff.

We think that this judgment must be sustained upon the authority of *Cohen* v. *Mayor, etc., of New York* (113 N. Y. 32) and the two cases of Jane and Samuel *Wells* v. *City of*

*Brooklyn* (9 App. Div. 61; appeal dismissed, 158 N. Y. 699; 45 App. Div. 623; 21 App. Div. 626; affd., 162 N. Y. 657). The presence of the peanut roaster in the public street, stationed there as it was from early morning until late at night, undoubtedly constituted an unlawful obstruction, just as the grocery wagon did in the *Cohen* case and the showcase in the *Wells* suits. It is argued that its obstructive character was not the cause of the injury to the plaintiff, which was attributable rather to its explosive character. In *Cohen* v. *Mayor*, *etc.,* of *N. Y.* (*supra*) the injury was due to the fall of the thills of a grocery wagon stored in the street, and it was urged that if the thills had not been negligently tied up they would not have fallen and killed the plaintiff's intestate. To this Judge Peckham answered that that was simply the way in which the accident occurred, by *reason of the presence of the obstruction.* "There is always reasonable ground for apprehending accidents from obstructions in a public highway, and any person who wrongfully places them there or aids in so doing, must be held responsible for such accidents as occur by reason of their presence. The obstruction in such case must be regarded, within the meaning of the law on the subject, as the proximate cause of the damage." (p. 538.)

The trial judge accordingly charged the jury that the presence of the peanut roaster in the village street was the proximate cause of the injury to the plaintiff, and that the peanut roaster was wrongfully in the highway; but he also distinctly instructed them that these facts did not suffice to render the defendant liable. They were told that the question for them *to determine was whether the village officials, charged with* the duty of keeping the streets clear from dangerous obstructions, knew or ought to have known, under all the circumstances, that there was danger of an explosion and consequent danger to travelers and passers along the street. If such was the case the village was liable for the consequences of the explosion; but if it was "a matter that could not reasonably be anticipated by prudent men" then the plaintiff's case failed.

The vital issue was thus correctly submitted to the jury. The learned judge adhered substantially to this view of the law in dealing with the defendant's numerous requests to charge and we find no error either in passing upon these requests or in the principal instructions given which would justify a reversal. The judgment must, therefore, be affirmed.

It should be distinctly understood that the principle underlying the affirmance of the judgment in this case has no application to vehicles in their ordinary and reasonable use as such. The roadway of every public street is designed to be used by vehicles in passing and repassing from place to place, and vehicles may be halted either for the convenience or pleasure of their owners or occupants as they are customarily employed in the community. Familiar instances are the waiting of a doctor's carriage during his attendance upon a patient or the halting of an automobile before a residence or place of business. No one would think of treating even a prolonged occupancy of the street under such circumstances as an unlawful obstruction so far as to charge the municipality with liability for not causing its removal. It is only when the occupation is so protracted as to possess an element of permanency that its obstructive character makes it the duty of the municipal authorities to remove it. This steam peanut roaster was not in any true sense a highway vehicle merely because it rested upon wheels and could thus be readily moved from place to place. It was utilized as a permanent stand at which peanuts could be roasted and vended in a public street.

Cullen, Ch. J., Haight, Vann, Hiscock and Chase, JJ., concur; Werner, J., dissents.

Judgment affirmed, with costs.