LILLIAN McCLOSKEY, an Infant, by WILLIAM J. McCLOS-
    KEY, Her Guardian ad Litem, Respondent, *v.* JAMES
    J. BUCKLEY, as Administrator of the Estate of JOHN
    BUCKLEY, Deceased, et al., Appellants.

Nuisance — obstruction in a highway — when gate posts
to a driveway although standing in the street line between
defendant's lot and a suburban street are not dangerous per
se and a nuisance — when owner of such lot not liable for
injuries to child caused by fall of one of such posts while she
was swinging upon a chain suspended between the posts.

1. A distinction must be recognized between an actual unlawful
obstruction in a highway, which is a public inconvenience, and is a
nuisance as matter of law, and a theoretical obstruction which does
not interfere with the customary use of the street, but which may
be found a nuisance as a matter of fact.

2. The intestate of the individual defendant owned a lot in that
part of the city of New York which was once the town of Gravesend;
on the rear of the lot was a hedge through which was an opening
for a driveway and on the sides of this entrance were two ornamental
brick columns, which stood entirely within the street, about five
feet from the lot line.  Outside the hedge was a tramped-down dirt
path, then a wooden curb, then the ordinary rough dirt roadway
and between the posts were swung two chains, suspended on hooks.
Similar conditions exist in the neighborhood.  The plaintiff, a little
girl five years old, with other children about the same age, was
swinging on these chains when one of the columns fell over upon
her and broke her leg.  Upon these facts the two posts were not in
themselves a dangerous obstruction of the street.  They were not
an obstruction to the main-traveled way, either of the footpath or
the roadway, or, if regarded technically as obstructions, they were
not dangerous *per se.*  Hence, the courts below erred in the appli-
cation of the doctrine of strict liability for dangerous obstructions of
the highway.

3. The owner in this case cannot be held liable for placing the
posts unless it appears that he disregarded the dictates of ordinary
prudence which would warn him to set them firmly in the ground.
The city cannot be held liable for permitting the posts to remain,
until it had notice, actual or constructive, not merely that they were
an attraction to children, but that they were likely to cause injury

to children or others. (*Kunz* v. *City of Troy*, 104 N. Y. 344; *Wells* v. *City of Brooklyn*, 9 App. Div. 61; *Cohen* v. *Mayor, etc., of N. Y.*, 113 N. Y. 532, 538, distinguished; *Frank* v. *Village of Warsaw*, 198 N. Y. 463, 468; *Melker* v. *City of New York*, 190 N. Y. 481, 488, followed.)

*McCloskey* v. *Buckley*, 172 App. Div. 893, reversed.

(Argued March 11, 1918; decided March 26, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 3, 1916, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William P. Burr, Corporation Counsel* (*William B. Carswell* of counsel), for city of New York, appellant. The trial court erred in charging that the gate post, if on the street, even though within the courtyard or stoop line, was a nuisance as a matter of law. (*Melker* v. *City of New York*, 190 N. Y. 481; *Murphy* v. *Leggett*, 164 N. Y. 121; *McMillan* v. *Klaw*, 107 App. Div. 407; *Dougherty* v. *Vil. of Horseheads*, 159 N. Y. 154; *Dubois* v. *Kingston*, 102 N. Y. 219; *Griffith* v. *McCollum*, 46 Barb. 561; *Tompkins* v. *Hodgson*, 2 Hun, 146; *Gottsberger* v. *Mayor*, 9 Misc. Rep. 349; *Platt* v. *Mayor*, 8 Misc. Rep. 409; *Frank* v. *Village of Warsaw*, 198 N. Y. 463; *Francis* v. *Gaffey*, 211 N. Y. 47; *Stern* v. *International Ry. Co.*, 220 N. Y. 284; *Donnelly* v. *Rochester*, 166 N. Y. 315.)

*James S. Darcy* and *Edward D. Loughman* for appellant Buckley. The learned trial court overlooked the settled law of this state in charging the jury that the gate post constituted a nuisance as matter of law, and thus submitted the case to the jury on a vitally wrong theory. The judgment is, therefore, based on a verdict rendered

contrary to law, and cannot stand. (*Dougherty* v. *Vil. of Horseheads*, 159 N. Y. 154; *Dubois* v. *Kingston*, 102 N. Y. 219; *Robert* v. *Powell*, 168 N. Y. 411; *Murphy* v. *Leggett*, 164 N. Y. 121; *Ring* v. *City of Cohoes*, 77 N. Y. 83; *Jorgensen* v. *Squires*, 144 N. Y. 280; *Babbage* v. *Powers*, 130 N. Y. 281; *Tompkins* v. *Hodgson*, 2 Hun, 146; *Parsons* v. *Van Wyck*, 56 App. Div. 329; *Eels* v. *Am. T. & T. Co.*, 65 Hun, 516.)

*John Vernou Bouvier, Jr.,* for respondent. These columns and the chains connecting them, standing wholly upon the public highway, were, particularly by reason of their probable attraction for children, public nuisances as a matter of law, and the defendant Buckley is legally liable for the injuries which they caused. No errors prejudicial to the defendant Buckley were committed by the trial court. (*Acme Realty Co.* v. *Schinasi*, 154 App. Div. 397; *Wakeman* v. *Wilbur*, 147 N. Y. 657; *Vil. of Oxford* v. *Willoughby*, 181 N. Y. 155; *People ex rel. Browning; King & Co.* v. *Stover*, 145 App. Div. 259; 203 N. Y. 613; *City of New York* v. *Rice*, 198 N. Y. 124; *Wells* v. *City of Brooklyn,* 9 App. Div. 61; *Cohen* v. *Mayor, etc.*, 113 N. Y. 532; *Murphy* v. *Leggett*, 164 N. Y. 121; *Kunz* v. *City of Troy*, 104 N. Y. 344; *McNulty* v. *Ludwig & Co.*, 154 App. Div. 206, 212; *Mullen* v. *St. John*, 57 N. Y. 567; *Tubelsky* v. *Silverman*, 49 Misc. Rep. 133.) The city of New York, in permitting these columns and chains to obstruct the public highway, was itself maintaining a nuisance, and is liable for the injuries caused thereby. (*City of New York* v. *Rice*, 198 N. Y. 124; *Ackerman* v. *True*, 175 N. Y. 353; *People ex rel. Browning King & Co.* v. *Stover*, 145 App. Div. 259; 203 N. Y. 613; *Mansfield* v. *City of New York*, 119 App. Div. 199; *Frank* v. *Vil. of Warsaw*, 198 N. Y. 463; *Wells* v. *City of Brooklyn*, 9 App. Div. 61; *Francis* v. *Gaffey*, 211 N. Y. 47; *Stern* v. *International Railway Co.*, 220 N. Y. 284; *Donnelly* v. *Rochester*, 166 N. Y. 315.)

Pound, J. This is an action in which plaintiff has recovered damages by reason of injuries sustained under the following circumstances: Defendant Buckley's intestate owned a lot on Homecrest avenue in that part of the city of New York which was once the town of Gravesend; on the rear of the lot, on East Thirteenth street, was a hedge about three feet high through which was an opening for the driveway to the barn. Sometime prior to July 14, 1911, Buckley replaced two iron posts that had for some years been on the sides of this entrance with two ornamental brick posts or columns, nine feet apart, about five feet high and about one foot four inches square. The width of the street is sixty feet. The hedge and the posts stood entirely within the street, about five feet from the lot line. Outside the hedge was a tramped-down dirt path, eight feet six inches wide, then a wooden curb, then the ordinary rough dirt roadway. Between the posts were swung two chains, suspended on hooks. One chain swung about one and one-half feet from the ground; the other about two and one-half feet. Similar conditions exist elsewhere in the neighborhood. The plaintiff, a little girl five years old, with other children about the same age, was swinging on these chains when one of the columns fell over upon her and broke her leg.

The case was tried on the theory that defendant Buckley would be liable as matter of law as for the construction and maintenance in the highway of a nuisance attractive to children as an instrumentality of play and that the defendant city of New York would be jointly liable if it had sufficient notice of the existence of the structure. This left little to the jury except the question of damages, plus the question of notice in the case of the city. We think that the courts below have erred in the application to this case of the doctrine of strict liability for dangerous obstructions of the high-

way. The two posts were not in themselves a dangerous obstruction of the street. *First,* they were not an obstruction to the main-traveled way, either of the footpath or the roadway. Although they were within the street lines, they did not interfere with those who passed by on their lawful occasions. *Secondly,* if regarded technically as obstructions, they were not dangerous *per se.* The danger resulted, not from placing the posts in the highway, but from so placing them that injury would be the natural result.

In *Kunz* v. *City of Troy* (104 N. Y. 344) a bar counter, twenty feet long, with a heavy top of black walnut, twenty inches wide, which had been moved out of a saloon on to the sidewalk in a frequented street and tilted up against the wall of the building, was held to be as matter of law a dangerous obstruction, and nothing was left to the jury but the question of notice. (*Kunz* v. *City of Troy,* 1 N. Y. Supp. 596.) In *Wells* v. *City of Brooklyn* (9 App. Div. 61) the city permitted the existence of a large show case of wood and glass, near the curb line of the sidewalk, on a business street for many years. It was held liable, although the obstruction was not actually dangerous in the first instance or manifestly likely thereafter to become so. In *Cohen* v. *Mayor, etc., of N. Y.* (113 N. Y. 532, 538) the court said in connection with a grocery cart stored in Attorney street, the thills of which had been negligently tied up, " there is always reasonable ground for apprehending accidents from obstructions in a public highway, and any person who wrongfully places them there or aids in so doing, must be held responsible for such accidents as occur by reason of their presence."

These were cases of actual obstruction of the driveway or sidewalk of frequented streets and such a misuse of the street as constituted a nuisance *per se.* We have before us a bit of *rus in urbe,* with a hedge marking the actual although not the legal street line. To the situa-

tion of the defendants in the case before us a different principle applies, which does not weaken the authority of the cases cited, although it may seem at variance with the language used in portions of the opinions.

Here the proper test is this: Should the defendants have known that there was danger that these posts would fall when children swung on the chains (*Harrold* v. *Watney*, [1898] 2 Q. B. 320, 324), or have had reasonable ground to apprehend some accident from their presence in the street? (*Frank* v. *Village of Warsaw*, 198 N. Y. 463, 468; *Melker* v. *City of New York*, 190 N. Y. 481, 488.) If so, they are liable; otherwise they are not. A distinction must be recognized between an actual unlawful obstruction, like the bar counter, the grocery wagon and the show case, which is a public inconvenience, invites calamity, and is a nuisance as matter of law, and the theoretical obstruction like the hedge and posts in suit, which does not interfere with the customary use of the street, but which may be found a nuisance as a matter of fact. The owner in this case cannot be held liable for placing the posts unless it appears that he disregarded the dictates of ordinary prudence which would warn him to set them firmly in the ground. The city cannot be held liable for permitting the posts to remain until it had notice, actual or constructive, not merely that they were an attraction to children, but that they were likely to cause injury to children or others. No hard and fast rule can be formulated. This case more closely resembles the precedents dealing with grass plats, shade trees, stones placed at the entrance to private driveways, stepping stones, hitching posts and the like (*Dougherty* v. *Village of Horseheads*, 159 N. Y. 154; *Robert* v. *Powell*, 168 N. Y. 411), where the object complained of is in itself usual, reasonable or necessary in connection with the use of the street by the owner of the premises and, therefore, lawful for highway pur-

poses, than the cases where the traveled portion of the street or sidewalk is used for the mere convenience of the owner of the premises, to " eke out the inconvenience of his own premises " for a purpose other than a street purpose, materially rendering the street itself less commodious or safe for ordinary uses by the public. It falls into a class between the lawful street structure and the dangerous obstruction, where the jury may say that construction *and* location constituted a nuisance and that the city negligently permitted the same to continue.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment reversed, etc.