CLARA G. VAN NESS, as Administratrix, etc., of ORA VAN NESS, Deceased, Respondent, *v.* CITY OF BUFFALO, Appellant.

Fourth Department, June 30, 1925.

Municipal corporations — action to recover for injuries suffered when portable parking sign blew over and struck plaintiff's intestate — sign was type in common use — city had authority under General Highway Traffic Law, § 15, subd. 1, to use portable signs — sign was not nuisance as matter of law — fact that sign was adopted after investigation not conclusive against plaintiff — verdict in favor of plaintiff on question of negligence contrary to evidence.

In an action to recover damages for injuries suffered by the plaintiff's intestate when a portable parking sign was blown over upon the plaintiff's intestate, the plaintiff is not entitled to recover on the theory of nuisance, as a matter of law, since it appears that the sign in use was of the type in common use throughout the country and had been selected after due investigation, and that no other instance of a similar accident was shown.

While it is the duty of a city to exercise reasonable care in keeping its streets safe for public travel, the use of the sign in question must not be considered a nuisance, since the city had authority, under subdivision 1 of section 15 of the General Highway Traffic Law, to use portable parking signs on the streets.

The fact that the particular type of sign was adopted by the city after investigation and as a matter of judgment is not conclusive against the plaintiff.

The verdict was contrary to the evidence on the question of negligence, and the judgment in favor of the plaintiff is reversed.

HUBBS, P. J., dissents in part.

APPEAL by the defendant, City of Buffalo, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 24th day of January, 1925, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

*Frederic C. Rupp, Corporation Counsel* [*Gregory U. Harmon* of counsel], for the appellant.

*Elijah W. Holt,* for the respondent.

PER CURIAM:

Plaintiff's intestate was injured by the fall of a portable parking sign blown over by the wind. The negligence alleged is that it had been placed in a position where it was liable to be blown over and had there remained for a long period while the wind was blowing. The evidence shows that the sign had stood on the curb and that the maximum velocity of the wind as recorded at the local weather bureau had been, on October 7, 1921, the day of the accident, sixty-one miles per hour. The sign was made of iron and consisted of a

round base into which was fitted a pipe at the top of which was a disk. It weighed forty and three-fourths pounds. It was of a type in common use throughout the country and had been selected by the city authorities after due investigation. There is nothing to show that it was not properly set at the curb or that it or its type had a tendency to be blown over. No other instance of such a fall appears.

It is, of course, the duty of the defendant to exercise reasonable care in keeping its streets safe for the traveling public. Under the General Highway Traffic Law (§ 15, subd. 1) the city had authority to use portable signs in the street. Such use could not, therefore, be held a nuisance as a matter of law. Whether it was such in fact, so that a failure to abate it would be negligence, depends upon whether defendant knew such use was dangerous or might reasonably have foreseen some accident therefrom. (*McCloskey* v. *Buckley*, 223 N. Y. 187.)

The fact that this type of sign was adopted after investigation and as a matter of judgment is not conclusive. (*Stern* v. *International R. Co.*, 220 N. Y. 284.)

The verdict was contrary to the evidence on the question of negligence, and the judgment should be reversed on the law and the facts.

All concur, HUBBS, P. J., in result, being in favor of dismissing the complaint. Present — HUBBS, P. J., CLARK, DAVIS, CROUCH and TAYLOR, JJ.

Judgment and order reversed on the law and facts, and new trial granted, with costs to appellant to abide the event.