MILDRED WAGNER, as Administratrix, etc., of GERALD G. WAGNER, Deceased, Appellant, *v.* THE CITY OF AMSTERDAM, NEW YORK, and NEW YORK TELEPHONE COMPANY, Respondents.

HARRY GODEY, Appellant, *v.* THE CITY OF AMSTERDAM, NEW YORK, and NEW YORK TELEPHONE COMPANY, Respondents.

Third Department, January 18, 1939.

*Donald F. Boyle* [*Newton J. Herrick, Sr.*, of counsel], for the appellants.

*Harry V. Borst, Corporation Counsel* [*Charles E. Hardies* of counsel], for the respondent City of Amsterdam.

*Miller, Hubbell & Evans* [*Albert J. Monahan* of counsel], for the respondent New York Telephone Company.

RHODES, J. The actions are founded upon both negligence and nuisance, the plaintiff Wagner seeking to recover damages for the death of her husband and the plaintiff Godey seeking to recover damages for his personal injuries.

On the 19th of January, 1936, plaintiff Godey and the decedent Wagner were employed by the town of Florida on a truck owned by the town, engaged in clearing snow from the highway. The truck, weighing from five to six tons, was approximately eighty-four inches wide, had attached to its right side a snow plow wing which was ten feet long, eighteen inches wide near the front and thirty-two inches wide at the rear, weighing from 500 to 600 pounds. The snow plow was not attached to the truck, but the wing referred to was fastened to the truck just back of the cab, and was folded in close against the side of the body.

Wagner was the driver and Godey operated the plow. A leaf of one of the springs on the truck had broken and the two employees went with the truck to the city of Amsterdam for the purpose of having the spring repaired. While proceeding westerly along Cleveland avenue in Amsterdam, they met a car approaching from the west. Wagner brought the truck to a stop close to the north fence line to permit the approaching car to pass. He then started forward, traveling in low gear at about three miles per hour, and when the truck had proceeded a distance of about seven feet the wing of the plow on the right side of the truck came in contact with a pole of the defendant telephone company, which pole was in the highway on the north side thereof. The contact threw the truck against and through the fence down a steep embankment, causing the accident in question.

Cleveland avenue is a main route of travel, being part of State Route 5-S, and is paved with waterbound macadam with an oil top. At the point of the accident it is twenty feet wide from the fence on the north side to the gutter on the south side and vehicles have eighteen feet of clearance between the pole and the gutter. The fence then on the north side had been in existence nearly forty years and was of light wire with large mesh, which fence separated

the highway from the right of way of the New York Central Railroad.

A line of five telephone poles of the telephone company had been in existence for about twenty years in substantially the same location along the northerly side of the road. The pole which was struck by the truck was the middle one of the five and was nine and one-half inches in diameter; it stood in the street at a distance of about two and one-half feet from the edge of the macadam and about two and one-half feet from the fence.

At the close of all the evidence the court denied plaintiff's motion to go to the jury on the questions raised by the pleadings and the proof and granted the motions of the defendants for nonsuit and dismissal of the complaints. The motions were based upon the ground that neither negligence nor nuisance was established, and that plaintiff Godey and decedent Wagner were guilty of contributory negligence.

As to the question of nuisance the defendant company by section 102 of the Transportation Corporations Law (now § 27), had authority to place the pole in the street. It was not, therefore, an absolute nuisance as a matter of law. (*Clifford* v. *Dam*, 81 N. Y. 52; *Stern* v. *International R. Co.*, 220 id. 284; *Van Ness* v. *City of Buffalo*, 213 App. Div. 454; *Dwyer* v. *Neckerman Co., Inc.*, 223 id. 39.) Permission to locate its poles within the highway created the implied condition that they must be so located as to avoid unreasonable and unnecessary danger to travelers upon such highway; and ordinarily that question is for the jury. (*Stern* v. *International R. Co., supra; Clifford* v. *Dam, supra; Taylor* v. *City of Albany*, 239 App. Div. 217; affd., 264 N. Y. 539.)

The rule is well established and hardly requires the citation of authorities. Upon the facts here shown, the question of the liability of the defendant company as to the nuisance and negligence should have been submitted to the jury.

As to the city; it was a question for the jury to decide whether it was negligent in failing to provide a suitable barrier at the place in question. (*Griffith* v. *Town of Colesville*, 261 N. Y. 568; *Huston* v. *County of Chenango*, 253 App. Div. 56; affd., 278 N. Y. 646; *Countryman* v. *State of New York*, 251 App. Div. 509; affd., 277 N. Y. 586.) Likewise the questions as to whether the pole as located constituted a nuisance and the liability of the city for permitting the maintenance thereof in such location were for the jury.

While some point is raised as to the contributory negligence of Godey and of decedent, it cannot be said as a matter of law that they were negligent; that was also a question of fact.

The judgments and orders should be reversed on the law and the facts and a new trial granted, with costs to the appellants to abide the event.

HILL, P. J., BLISS and HEFFERNAN, JJ., concur; McNAMEE, J., concurs, with an opinion.

McNAMEE, J. (concurring). The telephone company had permission to set its poles in the highway, for the public good; and, therefore, committed no wrong in resorting to that privilege. There was no claim of willful disregard of the public safety. Nuisance implies an unlawful act, for the doing of which no amount of care would be a defense; and accordingly negligence need not be proved to establish liability therefor. The question of nuisance is not in the case.

However, the telephone company was bound to exercise reasonable care in locating its pole, so as not to create an unreasonable and needless danger. (*Stern* v. *International R. Co.*, 220 N. Y. 284, 290, 295; *Lambert* v. *Westchester El. R. R. Co.*, 191 id. 248.) There was evidence that the other side of the street was occupied by electric light wires, and was not a proper place for telephone wires. Of course, if this were so, it would be no adequate reason for locating the pole in question where it created a needless danger; and the city could not permit or justify such an act. The pole in question had been maintained in the same place for many years, and the city was bound to know it; and if it failed to cause its removal from a dangerous location, it was chargeable with negligence.

Whether the pole was properly placed by the defendant company, and allowed to remain there by the defendant city, were questions of negligence, not nuisance, to be resolved by the jury, as was the question whether the plaintiff's intestate was guilty of contributory negligence when he collided with the pole.

Judgments and orders reversed on the law and facts, and new trial granted, with costs, in one action, to the appellants to abide the event.